

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00251-CR
No. 07-14-00415-CR
_____

DANIEL LOUISE FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 69th District Court
Moore County, Texas
Trial Court No. 4894; Honorable Ron Enns, Presiding

January 7, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

On October 18, 2013, pursuant to a single, two-count indictment in cause number 4894, Appellant, Daniel Louise Flores, was charged with aggravated sexual assault of a child.[1]  Appellant entered an open plea of guilty to both counts and was

---

[1] TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West Supp. 2014).  The indictment alleged Appellant penetrated the sexual organ of the victim by his finger (Count I) and by his sexual organ (Count II).  As used in this section, a child is defined as a person younger than seventeen years of age.  *Id.* at 22.011(c)(1).  The offense is a first degree felony.  *Id.* at 22.021(e).

convicted of both counts. The trial court entered two separate judgments—one as to Count I and one as to Count II, both assessing fifty year sentences ordered to run concurrently. Count I bears appellate cause number 07-14-00251-CR and Count II bears appellate cause number 07-14-00415-CR. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the record and file a *pro se* response if he desired to do so,[3] and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] Pursuant to *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), counsel provided a copy of the appellate record to Appellant.

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of the court of appeals's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

BACKGROUND

Appellant, seventeen when he sexually assaulted his four-year-old victim, was considered a family friend by the victim's parents. He occasionally stayed in their home. The victim's mother asked him to babysit her children one day when the regular babysitter was unavailable. He agreed and sexually assaulted the victim in a bedroom while her brother watched television in another room.

Late that night when they went to bed, the victim made an outcry to her mother about what Appellant had done. The next morning the victim's parents notified the police and took their daughter for an examination. Appellant confessed to committing the offense and pleaded guilty without an agreement on punishment.

At the punishment hearing, an employee from the Community Supervision and Corrections Department, who gathered information for Appellant's presentence investigation report, testified Appellant had informed her he had sexual thoughts and urges regarding the victim and assaulted her first by inappropriate touching, then digital penetration and a third time by penetrating her sexual organ with his.

Appellant had been placed on deferred adjudication community supervision for engaging in sexual intercourse with a ten-year-old when he was thirteen. The charge

3

was reduced to unlawful restraint,[5] and after Appellant was unsuccessfully discharged from a sex offender treatment program, he was not charged with a sexual offense because the victim's family did not want to pursue the case. The evidence also showed Appellant had uncontrollable sexual urges and had been involved in consensual sexual encounters with multiple partners by the time he was fourteen.[6]

The victim's mother testified that placing Appellant on community supervision would not be in her daughter's best interest.[7] She also testified that releasing Appellant into the community could pose a danger to other children.

A counselor licensed to treat sex offenders testified that Appellant's sexual encounters, even if consensual, were significant in evaluating whether Appellant could successfully complete a sex offender program. He testified that Appellant admitted "hypersexuality with impaired judgment and a tremendous sense of impulsivity." He determined there was a possibility Appellant could be successfully rehabilitated, but he was not a candidate for community release. Appellant's sexual curiousity when he was seventeen with his very young victim in this case posed a tremendous risk for further events.

Appellant testified and asked the court for community supervision and a chance to change his life. He acknowledged he ruined his victim's life and apologized to her

---

[5] The record establishes the lack of force led to the reduced charge.

[6] Most of the encounters were with females about his same age.

[7] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (providing for deferred adjudication community supervision when charged with an offense under section 22.021 of the Penal Code when the judge finds that community supervision is in the victim's best interest.

family. However, he admitted his urges might overpower him and there was no guarantee he would not reoffend.

By the *Anders* brief, counsel presents a thorough evaluation of the trial proceedings for potential error. He concludes there are no arguable issues to present for review.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Accordingly, the trial court's judgments are affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

5